**Affirmed and Opinion Filed August 26, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00806-CR

**RONNIE HEATH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1453600-H**

## MEMORANDUM OPINION ON REHEARING

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

On July 30, 2015, this Court issued a memorandum opinion affirming the trial court's judgment in this case as modified. On August 5, 2015, Ronnie Heath timely filed his motion for rehearing. On August 6, 2015, the State filed its response to the motion for rehearing agreeing with Heath. We grant Heath's motion for rehearing. We withdraw our July 30, 2015 opinion and vacate the judgment of that date. This is now the opinion of the Court.

Ronnie Heath appeals the trial court's judgment convicting him of theft, enhanced (1) because the value of the property stolen was less than $20,000 and the property stolen was aluminum and (2) by two prior state jail felonies. *See* TEX. PENAL CODE ANN. §§ 31.03(a), (e)(4)(F)(i), 12.425(a) (West Supp. 2014). The jury found Heath guilty, the enhancements true, and assessed his punishment at five years of imprisonment. In his sole issue on appeal, Heath

argues the evidence is insufficient to support his conviction. We conclude the evidence is sufficient. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Juan Guerra, the night watchman for Action Metals, a facility that recycles metals including aluminum, climbed a ladder to look over a fenced area and saw a man throwing a loaded sack over the fence. Guerra told the man to leave and called 9-1-1. The man did not pay any attention to Guerra. Instead, the man returned for more material. The man threw two additional bags over the fence, climbed the fence, put the bags into a shopping cart, and left "turn[ing] on Lamar." Guerra described the perpetrator as a thin, African-American man who was approximately five feet seven or eight inches tall.

Officer Troy Klinglesmith responded to the 9-1-1 call and arrived within a minute. He saw a black male pushing a shopping cart down the street. Officer Klinglesmith stopped the man, questioned him, and identified the man as Heath. Also, he observed bags of what appeared to be aluminum in the shopping cart. Officer Klinglesmith told Heath to "put the stuff back," then followed Heath to Action Metals. At Action Metals, Guerra identified Heath as the man he saw taking the property and pushing the shopping cart. Then, Officer Klinglesmith applied a magnet to the metal, found it was not attracted to the metal, thereby confirming that the metal was aluminum. The next day, Boris Grinstein, the vice president and manager of Action Metals weighed the aluminum, determining it was "over a hundred [pounds]."

Heath was indicted for theft, which was enhanced because the value of the property stolen was less than $20,000 and the property stolen was aluminum. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F)(i). The indictment also alleged two prior state jail felonies. *See* TEX. PENAL CODE ANN. § 12.425(a). The jury found Heath guilty, the enhancements true, and assessed his punishment at five years of imprisonment.

## II. SUFFICIENCY OF THE EVIDENCE

In issue one, Heath argues the evidence is insufficient to support his conviction because the evidence failed to identify him as the perpetrator. Specifically, he claims the evidence is insufficient because: (1) Guerra was not able to identify Heath in court; (2) although Officer Klinglesmith testified Guerra identified Heath as the perpetrator at the scene, Officer Klinglesmith was only able to communicate with Guerra "somewhat"; and (3) Guerra and Officer Klinglesmith gave differing descriptions of Heath's attire at trial. The State responds that Guerra identified Heath as the thief to Office Klinglesmith and Officer Klinglesmith identified Heath at trial.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

## B. Applicable Law

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(b)(1). Theft is a state jail felony if the value of the property stolen is less than $20,000 and the property stolen is aluminum. TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(i)

The State must prove beyond a reasonable doubt that the defendant is the person who committed the offense charged. *See Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984); *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.). Identity may be proved by direct evidence or circumstantial evidence, including DNA evidence, or reasonable inferences from such evidence. *See Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009); *Orellana v. State*, 381 S.W.3d 645, 653 (Tex. App.—San Antonio 2012, pet. ref'd); *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2006, pet. ref'd).

## C. Application of the Law to the Facts

The State concedes that Guerra could not identify Heath in court as the perpetrator. The record shows that Guerra, the eyewitness to the offense, testified that the man he saw was in the courtroom. When asked to describe the man's clothing, Guerra described the man as wearing a green jacket, a white shirt, and a grayish tie. However, Guerra then stated the man in the courtroom had a resemblance to the man he saw on the night of the offense, but noted that the man he saw on the night of the offense was thinner. Also, Guerra stated the offense occurred "past midnight." On the same day, Office Klinglesmith testified, describing the man he arrested on the night of the offense as the man in the courtroom wearing a brown coat, white shirt, and tie. The record reflects that man was Heath. Officer Klinglesmith stated that he was dispatched to the area of the offense at approximately 11:00 p.m.

–4–

The record also shows that Guerra testified the man he saw stealing the metal was a thin, African-American man of medium height, approximately five feet seven or eight inches tall. Guerra stated that he saw the man throw the bags of metal over the fence, climb over the fence, put the bags of metal into a shopping cart, and "turn[] on Lamar." Office Klinglesmith stated that he arrived at the location less than a minute after he was dispatched and observed Heath pushing a shopping cart in the street. The shopping cart contained aluminum in a couple of different forms. Officer Klinglesmith testified that he stopped Heath and questioned him. Then, he told Heath to "put that stuff back." Office Klinglesmith followed Heath "northbound on Lamar" to Action Metals. Heath told Officer Klinglsmith that was where he got the "stuff." Guerra walked up, looked at Heath, and although there was a language barrier, told Officer Klinglesmith that Heath was the same person he had seen pushing the shopping cart.

This issue relates to the weight assigned to Guerra's and Office Klinglesmith's testimony and the credibility of the identification, which are to be resolved by the jury. *See Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. Accordingly, we conclude there was sufficient evidence to identify Heath as the perpetrator and support his conviction.

Issue one is decided against Heath.

### III. CONCLUSION

The evidence is sufficient to support Heath's conviction.

The trial court's judgment is affirmed.

/Douglas S. Lang/
_____

Do Not Publish                     DOUGLAS S. LANG
TEX. R. APP. P. 47                 JUSTICE
140806HF.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE HEATH, Appellant

No. 05-14-00806-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1453600-H.
Opinion delivered by Justice Lang. Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of August, 2015.